## FRANK BUKACHEK v. FRANK BLAZEK.[1]

April 16, 1920.

No. 21,738.

**Building contract — extra work.**

Action to recover a balance due on the contract price and $130 for extra work and material. At the trial the balance due on the original contract was admitted, hence the only question for the jury was whether plaintiff was entitled to recover for the extra labor and material. Verdict for full amount claimed. *Held*: The evidence that this labor and material were not included in the original agreement, and that they were worth $130, is sufficient to support the verdict. [Reporter.]

Action in the district court for Pine county to recover a balance of $398.45. The answer alleged that there was due and owing plaintiff the sum of $252. The case was tried before Searles, J., and a jury which returned a verdict for $416.38. Defendant's motion for a new trial was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Ottocar Sobotka*, for appellant.

*E. H. Long*, for respondent.

PER CURIAM.

Plaintiff contracted to construct a barn for defendant and performed the

[1]Reported in 177 N. W. 124.

contract. He sued to recover a balance due on the contract price and an item of $130 which he claimed that defendant had promised to pay him for extra labor and material furnished under a subsequent agreement. He had a verdict for the full amount claimed and defendant appealed from the judgment entered thereon. The only question which can be raised under the assignments of error is whether the evidence is sufficient to sustain the verdict. At the trial the balance due on the original contract was agreed upon and admitted, so that the only question for the jury was whether plaintiff was entitled to recover for the alleged extra labor and material. The controversy seems to have been as to whether this labor and material were included in the original contract or were furnished as an extra under a subsequent contract, and most of the evidence was directed to this question. The jury found that this labor and material were not included in the original contract, but were furnished pursuant to a subsequent agreement to pay for them as an extra, and their conclusion is sustained by the great weight of the evidence.

The complaint alleged an agreed price for this labor and material. Plaintiff seems to have taken it for granted that he was entitled to the amount claimed if he established the subsequent agreement, and defendant apparently did not question the price at the trial. Plaintiff offered in evidence a statement of his account with defendant containing the item of $130 for extra labor and material. The court asked if there was any objection to it and defendant replied: "There is no objection. I will introduce the proper one later on. It is good as far as it goes." Later defendant himself introduced in evidence another statement of the account which he had received more than a year before the commencement of the action and which contained this same item. We are of opinion that the evidence is sufficient to sustain the verdict of $130 for this extra labor and material.

We find nothing in the record to justify the aspersions upon the trial judge found in defendant's brief and all of this brief following after the first two lines on page six will be stricken from the record. The judgment is affirmed.